UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARVIN F. TAYLOR, SR., | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:17-cv-02757-TWP-DML |
| RONALD NEAL Superintendent - ISP, | ) ) ) |
| Respondent. | ) |

**Order Denying Petition for Writ of Habeas Corpus,
Denying Certificate of Appealability and Denying Motion for Subpoena**

Petitioner Marvin F. Taylor, Sr. is an Indiana state prisoner currently incarcerated in Indiana State Prison in Michigan City, Indiana. For the reasons explained in this Order, Mr. Taylor's petition for a writ of habeas corpus must be **denied** and the action **dismissed for lack of jurisdiction**. In addition, the Court finds that a certificate of appealability should not issue.

Given the foregoing, Mr. Taylor's motion for request for issuance of subpoena *duces tecum*, dkt. [12], is **denied**.

**I. Petition for Writ of Habeas Corpus**

Mr. Taylor seeks relief from his conviction in Marion Superior Court #2 Case No. 49G02-9807-CF-107714. After a jury trial, Mr. Taylor was convicted of two counts of Class A felony child molesting, two counts of Class B felony child molesting, two counts of Class C felony child molesting, and one count of Class D felony dissemination of matter harmful to minors. The trial court sentenced him to 89½ years.

Mr. Taylor brings this current petition after having previously challenged his conviction pursuant to 28 U.S.C. § 2254 on several occasions. On December 20, 2005, Mr. Taylor filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of

Indiana in Case No. 3:05-cv-00797-AS-CAN. That petition was denied on March 12, 2007. On July 12, 2007, the United States Court of Appeals for the Seventh Circuit denied Mr. Taylor's request for a certificate of appealability.

On January 11, 2016, Mr. Taylor filed a second petition for a writ of habeas corpus in the United States District Court for the Northern District of Indiana in Case No. 3:15-cv-00253-WCL. That petition was dismissed for lack of jurisdiction on January 19, 2016. On February 4, 2016, Mr. Taylor applied for an order authorizing the district court to consider his successive petition, which the United States Court of Appeals for the Seventh Circuit denied on February 11, 2016.

Mr. Taylor's current § 2254 petition must be summarily dismissed for lack of jurisdiction based on the fact that this is a second or successive action for such relief, and there is no indication that the Court of Appeals has authorized the filing of a second or successive motion. Such permission is required by 28 U.S.C. § 2244(b)(3)(A). Section 2244 has been described as "self-executing." *Nunez v. United States,* 96 F.3d 990, 991 (7th Cir. 1996). This means that a district court lacks all jurisdiction over such a matter until permission to file is granted by the Court of Appeals. *Id.* An action over which the district court lacks jurisdiction must be dismissed. *Steel Co. v. Citizens for a Better Environment,* 118 S. Ct. 1003 (1998). That is precisely the disposition which is compelled in this case. This disposition is compelled entirely apart from whether the Mr. Taylor has or lacks a strong case for filing a successive § 2254 motion. That is a point on which the Court expresses no opinion at this point and into which it has no authority to inquire.

## II. Conclusion

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). The petitioner has encountered the hurdle

produced by the limitation on filing second or successive habeas petitions without authorization. His petition for a writ of habeas corpus is therefore **dismissed for lack of jurisdiction**.

Judgment consistent with this Entry shall now issue.

### III. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the Court finds that the petitioner has failed to show that reasonable jurists would find "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 2/8/2018

*Tanya Walton Pratt*
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MARVIN F. TAYLOR, SR.
995801
INDIANA STATE PRISON
INDIANA STATE PRISON
Inmate Mail/Parcels
One Park Row
MICHIGAN CITY, IN 46360

Jesse R. Drum
INDIANA ATTORNEY GENERAL
jesse.drum@atg.in.gov